UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DEVANTE FIELDS                                    CIVIL ACTION

VERSUS                                            NO. 23-2268

TIM HOOPER, WARDEN                                SECTION "P" (2)

## REPORT AND RECOMMENDATION

Petitioner Devante Fields filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 4) which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.   Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1]   For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time barred.

## I.    FACTUAL BACKGROUND

Fields is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]   Fields and two co-defendants[3] were charged in Orleans Parish in a seven count bill of information.[4]   Fields was charged in four counts: (1) count four as a felon in possession of a

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.   *Id*. § 2254(e)(2)(B).

[2] ECF No. 3, at 1.

[3] Fields' co-defendants were Joquian J. Foster a/k/a Joquien Foster a/k/a Joquian Foster and Ashley M. Robinson a/k/a Ashley Robinson.

[4] ECF No. 16, at 107-110, Bill of Information, 1/27/18.   The state court record was electronically filed by the State in five volumes at ECF Nos. 16 and 16-1 through 16-4.

handgun, (2) count five with armed robbery, (3) count six with aggravated battery, and (4) count seven, along with co-defendant Robinson, with possession of cocaine.

Fields initially entered a plea of not guilty to the charges.[5]    However, on October 17, 2019, Fields withdrew that plea and, pursuant to a plea agreement, entered a plea of guilty to count four, possession of a weapon while having been previously convicted of aggravated battery in Orleans Criminal Case No. 513-702D.[6]    As part of the agreement, the State entered nolle prosequi for counts five, six, and seven as applicable to Fields.[7]    The court accepted Fields' plea after a colloquy that included discussion of Fields' waiver of the rights to remain silent, to trial by judge or jury, and to appeal.[8]    After waiver of statutory delays, Fields was sentenced to serve 15 years at hard labor, concurrent with any other sentence he was serving.[9]

At the same hearing, the State filed a multiple offender bill charging Fields as a second felony offender.[10]    Fields entered a plea of guilty to the bill, and after vacating the original sentence, the state trial court sentenced him as a habitual offender to serve 15 years in prison at hard labor without benefit of probation, parole, or suspension of sentence.[11]    Fields' conviction

---

[5]  ECF No. 16, at 98, Min. Entry, 7/18/18.

[6]  *Id*. at 23, Plea Mins., 10/17/19; *see also id*. at 108, Bill of Information (amendment to count four dated 10/17/19), 1/27/18; *id*. at 204, Waiver of Rights – Plea of Guilty form, 10/17/19; ECF No. 16-3, at 24, Plea Transcript, 10/17/19.

[7]  ECF No. 16, at 23, Plea Mins., 10/17/19; *id*. at 108-110, Bill of Information (notations dated 10/17/19), 1/27/18; ECF No. 16-3, at 24, Plea Transcript, 10/17/19.

[8]  ECF No. 16, at 23, Plea Mins., 10/17/19.

[9]  *Id*.; ECF No. 16-3, at 26-30, Plea Transcript, 10/17/19.

[10]  *Id*. at 24, Plea Mins., 10/17/19; *id*. at 205, Multiple Bill, 10/18/19.

[11]  *Id*. at 24, Plea Mins., 10/17/19; *id*. at 206, Waiver of Rights – Plea of Guilty – Multiple Offender form, 10/18/19 (dated 10/17/19); *id*. at 207, Sentence of the Court, 10/17/19; ECF No. 16-3, at 34, Plea Transcript, 10/17/19.

was final under federal law thirty days later, on Monday, November 18, 2019,[12] because he did

not seek reconsideration of his sentence or move for leave to appeal.[13]

More than ten months later, on September 22, 2020, Fields submitted a request to the state

trial court seeking copies of certain record documents.[14]   Having received no response, on January

18, 2021, Fields filed for writ of mandamus in the Louisiana Fourth Circuit Court of Appeal, and

was granted relief on January 27, 2021.[15]   The clerk of the state trial court responded to the

production request on March 16, 2021, by providing Fields with copies of his indictment, the plea

and sentencing transcript, the guilty plea form, the multiple bill, and the sentencing minutes.[16]

Seven months later, on October 14, 2021, Fields submitted to the state trial court his first

application for post-conviction relief asserting two claims:

    (1)    he was denied due process because his plea was not freely or knowingly
            made and was induced by a plea bargain that was not kept; and,

---

[12]  As noted by the State in its opposition, the thirtieth day was Saturday, November 16, 2019.   However, the period could not end on a weekend and instead expired on the next business day, Monday, November 18, 2019.   *See* LA. CODE CRIM. PROC. art. 13 ("The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday"); FED. R. CIV. PROC. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[13]  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under LA. CODE CRIM. PROC. art. 914).   Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So. 2d 584, 588 (La. 1976).   However, where grounds do exist for appeal, Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence.   LA. CODE CRIM. PROC. art. 914 (as amended LA. ACTS 2003, No. 949, § 1).   Failure to move timely for appeal under art. 914 rendered the conviction and sentence final at the expiration of that period.   *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985).

[14]  ECF No. 16, at 11, Docket Entry, 9/28/20.   Fields claimed to have submitted the motion for filing on September 22, 2020, which is presumed to be the filing date.   *See* ECF No. 16-1, ¶II, at 4, 4th Cir. Writ Application, 2021-K-0040, 1/26/21 (dated 1/18/21).

[15]  *Id*. at 2; *Id*. at 1, 4th Cir. Order, 2021-K-0040, 1/27/21.

[16]  ECF No. 16, at 164, Letter to Fields, 3/16/21.

(2)     the record does not establish that he knew or was advised of the elements of the offense to which he pleaded guilty.[17]

After obtaining a response from the State,[18] the state trial court denied the application at a March 17, 2022, hearing at which Fields was present.[19]   The Louisiana Fourth Circuit summarily denied Fields' related writ application on June 21, 2022.[20]   On January 18, 2023, the Louisiana Supreme Court also denied Fields' subsequent writ application, finding that Fields' guilty plea waived all non-jurisdictional defects in the proceedings leading to his conviction and that he failed to meet his burden of showing the plea was unknowingly and unintelligently made.[21]

## III.    **FEDERAL HABEAS PETITION**

On July 13, 2023, after correction of certain deficiencies, the clerk of court filed Fields' petition for federal habeas corpus relief which asserts the following claims:

(1)     he was denied due process of law in the state court proceeding because his guilty plea was unknowing and involuntary;

(2)     he was not advised of the elements of the offense to which he pleaded guilty in breach of the plea agreement

(3)     his conviction and sentence were obtained in violation of the United States and Louisiana constitutions when he was misled by counsel about his eligibility for diminution of sentence for good behavior;

(4)     the state trial court exceeded its jurisdiction when it allowed the State to orally amend the predicate offense in the bill of information.[22]

---

[17] *Id*. at 128-31, Application for Post-Conviction Relief, 11/2/21 (dated 10/14/21); *id*., at 132-36, 132-33, Memorandum in Support, 11/2/21.

[18] *Id*. at 123, State's Response, 2/2/22.

[19] *Id*. at 15, Docket Entry, 3/17/22.   No written ruling appears in the record.

[20] ECF No. 16-3, at 1, 4th Cir. Order, 2022-K-0415, 6/21/22; *id*. at 2-12, 4th Cir. Writ Application, 2022-K-0415, 6/16/22 (dated 6/10/22).

[21] ECF No. 16-4, at 1-2, La. Sup. Ct. Order, 2022-KH-01175, 1/18/23; *Id*. at 3-11, La. Sup. Ct. Writ Application, 22-KH-1175, efiled 7/22/23.

[22] ECF No. 4, ¶12, Ground One, at 5; *id*., Ground Two, at 7; *id*., Ground Three, at 8; *id*., Ground Four, at 10.

Fields acknowledges in his petition that he did not exhaust state court review of his third and fourth claims because the bases of the claims were not known to him in time.[23]   He also argues that his petition should be considered timely filed within the one year allowed by statute because his conviction was not final until he completed exhaustion through post-conviction review.[24]

The State's September 14, 2023, response opposes Fields' petition as untimely. [25] Alternatively, the State contends that Fields failed to exhaust state court review of his third and fourth claims which are now in procedural default.[26]

In Fields' response, he argues that his untimeliness should be excused because he was told by prison officials that "all places of business" were closed due to the COVID-19 pandemic, and he thought he had one year to file for federal relief after completion of state court post-conviction review.[27]

## IV.    LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996,[28] and applies to habeas petitions

---

[23] *Id*., Ground Three, part (b), at 9; *id*., Ground Four, part (b), at 10; *id*., ¶13(a)-(b), at 12.

[24] *Id*., ¶18, at 13-14.

[25] ECF No. 17, at 3-6.

[26] *Id*. at 6-10.

[27] ECF No. 18.

[28] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

filed after that date.[29]    For purposes of applying the AEDPA, Fields' federal petition is deemed

filed on June 29, 2023.[30]

### A.    Preliminary Considerations

The two threshold questions in habeas review under the amended statute are (1) whether

the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state

court.    In other words, has the petitioner exhausted state court remedies and is the petitioner in

"procedural default" on a claim.[31]    As indicated above, the State asserts, and Fields concedes, that

state court review of his third and fourth claims was not exhausted.    While this is true, the State

also asserts that Fields' federal habeas petition was not timely filed under the AEDPA.    For the

reasons that follow, the State's limitations defense is supported by the record.

### B.    AEDPA Statute of Limitations

Section 2244(d)(1) of the AEDPA establishes a one-year statute of limitations for the filing

of a federal habeas petition.    Under § 2254(d)(1)(A), a petition must ordinarily be filed within one

year of the date the conviction became final under federal law.[32]    The one-year limitations period

---

[29] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

[30] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.    Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.    *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to determine if AEDPA applies even if filing fee is paid later); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).    The prison Legal Programs Department's stamp indicates that the pleadings were received from Fields on June 29, 2023, for electronically mailing to the court, which was accomplished the same day.    ECF No. 1, at 16-17 (original deficient complaint); ECF No. 4, at 16-17.

[31] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

[32] 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).    The statute also provides three other triggering events that do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.    The limitation period shall run from the latest of--

    A.        the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.        the date on which the impediment to filing an application created by State action in violation of the

does not run from completion of state post-conviction review, as Fields suggests. Instead, the one-year period runs from the finality of his conviction.[33] Fields' conviction was final on Monday, November 18, 2019, when he did not seek reconsideration of the sentence or state court appellate review.[34]

Applying § 2244(d)(1)(A) literally, Fields had until November 18, 2020, to file his federal habeas corpus petition. He did not file his federal habeas corpus petition within this one-year period. Accordingly, his petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled under one of the following two ways recognized in the applicable law.

### 1. Statutory Tolling

The AEDPA provides for suspension of its one-year limitations period: "The time during which a *properly filed application for State post-conviction or other collateral review* with respect to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection."[35] The Supreme Court has described this provision as a tolling statute.[36]

The plain language of this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction

---

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[33] *Flanagan*, 154 F.3d at 199 n.1.

[34] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts*, 319 F.3d at 694).

[35] 28 U.S.C. § 2244(d)(2) (emphasis added).

[36] *Duncan*, 533 U.S. at 175-78.

proceedings.[37]    Rather, as the United States Fifth Circuit and other federal courts have held, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.    Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.[38]

For a post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.[39]    The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed *pro se* by a prisoner.[40]    Applying this standard to the petitioner's state court pleadings delineated in the procedural history results in a finding that this matter is not timely.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[41]    The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal

---

[37] *Flanagan*, 154 F.3d at 199 n.1.

[38] *Id.*; *Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpub.); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

[39] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000).

[40] *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

[41] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for § 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

habeas petition.[42]    A "pertinent judgment or claim" requires that the state court filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims being raised in the federal habeas corpus petition.[43]    A petitioner's efforts to obtain copies of documents and transcripts from the state courts do not constitute other collateral review for purposes of the AEDPA tolling calculation.[44]

As calculated above, Fields' conviction is deemed final under federal law on Monday, November 18, 2019.   The AEDPA limitations period began to run the next day, November 19, 2019, and continued to do so for 1 year without interruption through November 18, 2020, when it expired.   During that period, Fields had no properly filed state post-conviction or other collateral review pending in any state court to interrupt the running of the AEDPA one-year filing period. Although Fields later filed for state post-conviction relief, the application filed after the AEDPA limitations period expired does not afford him any tolling benefit.[45]   The AEDPA limitations

---

[42] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").

[43] *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

[44] *See Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, No. 01-CV-0115, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

[45] *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. Jul. 24, 2000) (citing *Williams v. Cain*, No. 00-536, 2000 WL 863132, at *2 (E.D. La. Jun. 27, 2000)), *aff'd*, 253 F.3d 702 (5th Cir. 2001).

9

period therefore expired on November 18, 2020, long before Fields filed his federal petition on June 29, 2023.

In the alternative, should a reviewing court consider statutory tolling for Fields' request for documents from the state trial court, the result is no different. In that case, the AEDPA limitations would still have begun to run on November 19, 2019, the day after his conviction was final. It would continue to run for 308 days until September 22, 2020, when Fields submitted his request for documents. That request remained pending until March 16, 2021, when the documents were provided to Fields. The one-year AEDPA filing period would have started to run again on March 17, 2021, and continued to run for the remaining 57 days, through May 12, 2021, when it would have expired. During this period, Fields had no properly filed state post-conviction or other collateral review pending in any state court to interrupt the running of the AEDPA one-year filing period. As noted above, his state post-conviction relief application filed on October 14, 2021, and subsequent writ applications filed after the AEDPA limitations period did not afford him any tolling benefit.[46] Thus, under this alternative calculation, the one-year AEDPA limitations period would have expired on May 12, 2021, two years before Fields filed his federal petition.

Fields' federal petition is deemed filed on June 29, 2023, which under either calculation above, is more than one year after the finality of his conviction on November 18, 2019, and well after the AEDPA filing period expired under either statutory tolling calculation provided above. Therefore, Fields' federal petition is *not* timely filed and must be dismissed with prejudice for that reason.

---

[46] *See Madden*, 521 F. App'x at 320; *Scott*, 227 F.3d at 263; *Magee*, 2000 WL 1023423, at *4.

### 2.  No Equitable Tolling Warranted

The United States Supreme Court has held that AEDPA's one-year statute of limitations period in § 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist that prevented timely filing.[47]  Those who "sleep on their rights" are not entitled to equitable tolling.[48]  Thus, equitable tolling is warranted only in situations during which a petitioner acted diligently, but otherwise was actively misled or prevented in some extraordinary way from asserting his rights.[49]

To excuse his untimely filing, Fields claims that the one year AEDPA filing period did not begin to run until after he completed or exhausted state court post-conviction review, and he claims that he was told at the prison that "all places of business" were closed because of the COVID pandemic.[50]  This, he claims, is why he did not file for post-conviction relief until 2021.[51]

Fields is mistaken in his understanding of the AEDPA limitations period.  As addressed above, the one year AEDPA filing period runs from finality of a conviction and does not start anew upon completion of state court post-conviction review.[52]  Nevertheless, a prisoner's *pro se* status, lack of legal training, ignorance of the law and filing deadlines, and even reliance on inmate counsel do not constitute rare and exceptional circumstances warranting equitable tolling.[53]

---

[47] *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).

[48] *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[49] *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

[50] ECF No. 18, ¶III, at 3-4.

[51] *Id.*

[52] *Flanagan*, 154 F.3d at 199 n.1.

[53] *See, e.g., Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling."); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Smallwood v. Cain*, No. 12-2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated

Also unconvincing is Fields' argument that he was led to believe that he could not timely file for relief in the state courts because of the COVID-19 pandemic, which impacted this area in March of 2020.   By September 22, 2020, Fields began his written efforts to obtain copies of record documents from the state trial court despite the COVID-19 pandemic.   The mere existence of the COVID-19 pandemic, without more, is not an "extraordinary circumstance."[54]   Fields does not suggest that he was limited by any restriction other than his understanding that "businesses" were closed because of COVID.   He does not assert that he was told or that he believed the state courts specifically were closed or any other basis for him to have delayed seeking post-conviction review. A prisoner does not show extraordinary circumstances when "his circumstances were not different than any other prisoner attempting to access legal resources, as all were subject to COVID-19 protocols."[55]

Fields has asserted no reason that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in this case, and I can find none.   Thus, the record does not establish any circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable

---

in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling. In fact the United States Fifth Circuit has held that circumstances such as lack of legal assistance in preparing post-conviction pleadings, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to or inadequacy of research materials or a prison law library are not sufficient to warrant equitable tolling." (citations omitted)).

[54] *United States v. Clay*, No. 20cr236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021); *Hines v. United States*, No. 20-CV-10064/17-CR-364, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021).

[55] *Rush v. Sec., Fla. Dep't of Corrs.*, No. 21-10218, 2021 WL 3134763, at *1 (11th Cir. Jun. 22, 2021) (denying certificate of appealability to appeal the dismissal of his habeas petition as untimely).

tolling in this case.[56]   Fields, therefore, is not entitled to equitable tolling of the one-year AEDPA filing period.

Fields also has not asserted or established any other recognized exception to the expiration of the AEDPA limitations period.[57]   His federal petition, deemed filed on June 29, 2023, was not timely filed and must be dismissed with prejudice for that reason.

---

[56] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted when attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling *not* justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did *not* justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).

[57] The Supreme Court has recognized that a petitioner may meet a "gateway exception" to avoid an already expired limitations period if he submits new, reliable evidence of his actual innocence with his § 2254 application. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Schlup v. Delo*, 513 U.S. 298, 314-16 (1995).   "The Supreme Court has made clear that the term 'actual innocence' means factual, . . . [thus,] 'actual' innocence, as the Court stated in *McCleskey*, means that the person did not commit the crime."   *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) (footnotes omitted).   Fields has not asserted his actual innocence or presented any new, reliable evidence to meet the high burden set forth in *McQuiggin* to forgive the expiration of the AEDPA statute of limitations.

Fields also does not seek relief or exception from a state court imposed procedural bar for this federal court to apply the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012).   In *Martinez*, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"   *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez*, 566 U.S. at 13).   The state courts did not bar review of his post-conviction claims and instead denied each on the merits.   Thus, the procedural hurdle here is not a state court imposed bar but a failure to meet the federal limitations deadline under the AEDPA.   The *Martinez* and *Trevino* decisions do *not* apply to excuse the untimely filing of a federal habeas petition.   *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).   *Martinez* and *Trevino* also are *not* new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.   *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).   Thus, neither *Martinez* nor *Trevino* provide petitioner relief from his untimely federal filing.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that Fields' habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[58]

New Orleans, Louisiana, this _____19th_____ day of December, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[58] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).